UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MISSION ADVISORS LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. <u>5:19-cv-1029</u> |
| v. | § | JURY DEMANDED |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT FOR REFUND**

TO THE HONORABLE COURT:

Plaintiff Mission Advisors LP ("Mission Advisors"; "Plaintiff") hereby files its

Complaint for Refund of assessed and collected penalties and interest against the United States

of America and in doing so alleges as follows:

**Nature of Action**

Mission Advisors is a small family owned financial advisory and investment

management business. During the periods 2014 through 2016, Mission Advisors had three

owner-employees, Dana McGinnis, Myriam McGinnis, and Sean McGinnis. In early 2005,

Myriam was diagnosed with multiple myeloma cancer and in 2014 her illness drastically

worsened. Dana and Sean, Myriam's husband and son, did everything they could to support

Myriam through her treatment and in her last days, but the strain of chemotherapy and the

possibility of losing a family member took a toll physically and emotionally on the entire family.

Myriam was able to fight the cancer for several years, but in December 2016 she sadly

succumbed to her illness. It was during this tragic time that Mission Advisors fell behind in

timely filing certain employment tax returns and paying related taxes.

Subsequently, the Internal Revenue Service (the "IRS") assessed penalties for the tax periods ending June 30, 2014 through March 31, 2017.  The IRS assessed I.R.C.[1] § 6651(a)(1) failure to file penalties for Mission Advisors' failure to file tax returns, I.R.C. § 6651(a)(2) failure to pay penalties for Mission Advisors' failure to pay taxes on the unfiled tax returns, and I.R.C. § 6656 failure to deposit penalties for Mission Advisors' failure to deposit the federal taxes withheld from its employees' income.

The IRS' assessment of penalties is erroneous and disregards the prevailing authority because Mission Advisors' failure to comply with the tax rules is due to reasonable cause and not willful neglect. I.R.C. §§ 6651(a) and 6656(a).  The Supreme Court has affirmed that penalties shall not be imposed where the taxpayer's failure to comply with tax rules is due to reasonable cause from the death of an immediate family member.  See United States v. Boyle, 469 U.S. 241, 243 (1985).

The IRS' Internal Revenue Manual states that the death or serious illness of an individual having sole authority to execute the return or make the deposit or payment, or of a member of such individual's immediate family, if established, will be accepted as reasonable cause.  I.R.M. § 1.2.12.1.2(2).  The courts have recognized that mental illness, emotional affliction, and depression may constitute reasonable cause in certain situations, thereby mitigating any tax-related penalties.  See, e.g., Jones v. Commissioner, T.C. Memo. 2006-176; Thomas v. Commissioner, T.C. Memo. 2005-258; Paradiso v. Commissioner, T.C. Memo. 2005-187; Tobkin v. Commissioner, T.C. Summ. Op. 2004-42; Ozaki v. Commissioner, T.C. Memo. 2003-213; Radde v. Commissioner, T.C. Memo. 1997-490; Marrin v. Commissioner, T.C. Memo. 1997-24; Farley v. Commissioner, T.C. Memo. 1993-31; Lilley v. Commissioner, T.C. Memo.

---

[1] Unless otherwise indicated, any references to "I.R.C." are to the Internal Revenue Code of 1986 (Title 26 United States Code), as amended through the date of this filing.

1989-602.  Whether a taxpayer acted with reasonable cause is determined on a case-by-case basis, taking into account all pertinent facts and circumstances.  Treas. Reg. § 1.6664-4(b)(1).

Furthermore, the IRS is obligated to advance the fairness and effectiveness of the tax system.  I.R.M. § 20.1.1.2.1 (8).  Penalties should accord with the IRS policy statement, which provides that penalties be used to encourage voluntary compliance.  I.R.M. § 20.1.1.2.  Penalties best aid voluntary compliance if they support belief in the fairness and effectiveness of the tax system.  I.R.M. § 20.1.1.2.1 (10).  In keeping with this goal, penalties should encourage noncompliant taxpayers to comply and be used as an opportunity to educate taxpayers and encourage their future compliance.  I.R.M. § 20.1.1.2.1 (8).  Mission Advisors is a model taxpayer that has never been audited, has never been penalized before, and is in current tax compliance.  Additionally, within just a few months of Myriam's early passing, Mission Advisors took appropriate action by filing all delinquent returns, paying all taxes owed, and even paying the erroneous penalties and penalty interest.

### Parties, Jurisdiction, and Venue

1.     Plaintiff is Mission Advisors LP, a limited partnership formed under the laws of the state of Texas.  Mission Advisors' principal place of business is in San Antonio, Texas.

2.     Defendant is the United States of America acting by and though its agent, the IRS.

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1346(a)(1), and I.R.C. § 7422 as the action arose under an act of Congress for internal revenue, as the action is brought against the United States for the recovery of penalties and interest, and a claim for refund has been duly filed with the IRS.

4.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1402(a)(1), (2) as it is the judicial district in which Mission Advisors' principal place of business is located.

**Statement of Facts**

5.      Mission Advisors is a small family owned financial advisory and investment management business.  During the periods at issue, Mission Advisors was operated by Dana McGinnis, Sean McGinnis, and one other non-family-member employee.

6.      In early 2005 Myriam was diagnosed with multiple myeloma cancer.  Sadly, in 2014, her illness drastically worsened and she thus began traveling to the Mayo Clinic in Phoenix, Arizona, one of the finest medical facilities in the country, to give herself the best chance of survival.  When she was not at the Mayo Clinic, Myriam had appointments and received treatments two times per week in San Antonio.  Each appointment and treatment lasted anywhere from a few hours to an entire day.

7.      At each of Myriam's appointments, whether in Phoenix or San Antonio, she was always accompanied by Dana, Sean, or both.  Myriam's battle with her terminal illness was very difficult for Dana and Sean as they were spending much of their time tending to Myriam, accompanying her on her trips and appointments, and having to contemplate life without their loving wife and mother.  The strain of the chemotherapy treatment and the constant appointments took a toll physically and emotionally on the entire family and limited the amount of time allocated to the office.

8.      Myriam fought to defeat the cancer and to spend more precious moments with her family, but she sadly passed away in December 2016.

9.      Prior to Myriam's worsening medical condition in 2014, Dana was the primary manager at Mission Advisors.  He managed Mission Advisors' investments and was responsible for securing new business.  But during his wife's illness and treatment, he understandably struggled to maintain his usual business responsibilities.

10.      Therefore, Dana increasingly relied on his son Sean to take on the responsibilities

at Mission Advisors yet both were required to spend significant amounts of time caring for Myriam.

11.     The only other employee of Mission Advisors at this time was an individual who was unrelated to the family and served in a position unrelated to payroll.

12.     On July 15, 2017, while Mission Advisors' CPA was preparing the company's tax return, he discovered that Mission Advisors' payroll tax deposits were not being made.  Mission Advisors' CPA immediately contacted Dana to discuss the issue.  Dana was unaware of the lapse in filing, but determined that the oversight was due to Myriam's illness and the family's struggle in dealing with her passing.

13.     Quick to correct the error, Dana made sure that Mission Advisors filed all delinquent tax returns and paid all outstanding taxes before the end of the month.

14.     Mission Advisors' failure to file and pay was an isolated event as Mission Advisors has never been audited, has never been penalized before, and is in current tax compliance.

15.     When investigating how the failure occurred, Dana discovered that the IRS' delinquency notices were being sent to Mission Advisors' prior business address and thus the business was not receiving notice regarding its failures to file.  It was not until September 4, 2017 and September 11, 2017, that the IRS mailed the delinquency notices to Mission Advisors' proper address.

16.     From Mission Advisors' perspective, the business had properly filed all delinquent returns and paid all outstanding liabilities before the IRS issued any delinquency notices.  Additionally, Sean and Dana acted with reasonable cause in carrying out their business responsibilities during the time of Myriam's illness and were unaware of any failures in reporting requirements because IRS notices were being sent to a prior business address.  Thus, on

September 20, 2017, Mission Advisors' CPA wrote to the IRS and requested that the failure to file, failure to pay, and failure to deposit penalties be abated due to reasonable cause.

17.     The IRS denied Mission Advisors' request stating that under the circumstances "it is reasonable that you would have someone trained who was capable of making your deposits in a timely manner in the absence of the primary person."

18.     Contrary to the IRS' unsympathetic response, Dana's efforts to delegate responsibility to Sean demonstrated reasonable prudence and care.  Sean did the best he could in under the circumstances.  However, as Myriam's son, Sean was also impacted by his mother's illness and there was no one else in the business who could handle these day-to-day duties.  Furthermore, Mission Advisors was not receiving delinquency notices.  Accordingly, in the midst of the everything that was going on, no one knew there was a problem.

19.     Mission Advisors, frustrated with the IRS' lack of response and insistence on the erroneous assessment of penalties, contacted the undersigned.

20.     On October 5, 2018, Mission Advisors filed official claims for refund (Forms 843, *Claim for Refund and Request for Abatement*) with the IRS for each of the tax periods at issue.  The IRS failed to respond to Mission Advisors' requests for refund within 6 months (and has still, to date, not responded) and they have thus been deemed denied.  See I.R.C. § 6532.

21.     Contrary to the IRS' administrative determinations, Dana and Sean's care for Myriam during her illness, as well as the challenging period following her death, presents ample reasonable cause for the delay in filing the employment tax returns as Dana and Sean were incapable of functioning properly on behalf of Mission Advisors during the relevant periods.  Moreover, IRS delinquency notices were being sent to a prior business address which did not provide sufficient notice to Mission Advisors regarding the lapse in filing.  Furthermore, Mission

Advisors filed all delinquent returns and paid outstanding taxes immediately after the lapse was discovered.  Accordingly, Mission Advisors respectfully requests that the failure to file penalties, failure to pay penalties, failure to deposit penalties, and any penalty interest be refunded.

## Claim for Refund of Penalties and Interest

22.     The foregoing facts, which are incorporated herein as if restated in full, establish that all penalties and penalty interest should not have been assessed because Mission Advisors' lapse in filing was due to a reasonable cause and not willful neglect.

23.     Mission Advisors seeks recovery of I.R.C. § 6651(a)(1) failure to file penalties, I.R.C. § 6651(a)(2) failure to pay penalties, I.R.C. § 6656 failure to deposit penalties, and any penalty interest which were erroneously assessed and collected with respect to the Forms 941 filed for the tax periods ending June 30, 2014 through March 31, 2017, and Forms 940 filed for the tax years ending December 31, 2014 through December 31, 2016,  in the foregoing amount totaling at least **$76,633.84**, as well as interest as provided by law.

| Tax Period Ending | IRS Form | I.R.C. § 6651(a)(1) Failure to File Penalty | I.R.C. § 6651(a)(2) Failure to Pay Penalty | I.R.C. § 6656 Failure to Deposit Penalty | Amount Paid |
|---|---|---|---|---|---|
| June 30, 2014 | 941 | $1,517.05 | $269.70 | $674.25 | $2,461.00 |
| September 30, 2014 | 941 | $3,251.70 | $361.30 | $1,445.20 | $5,058.20 |
| December 31, 2014 | 941 | $5,799.03 | $481.24 | $2,577.33 | $8,857.60 |
| December 31, 2014 | 940 | $33.21 | $22.87 | | $ 56.08 |
| March 31, 2015 | 941 | $2,058.93 | $457.54 | $915.08 | $3,431.55 |
| June 30, 2015 | 941 | $3,642.41 | $2,038.32 | | $5,680.73 |
| September 30, 2015 | 941 | $4,089.15 | $1,999.14 | $1,817.40 | $7,905.69 |
| December 31, 2015 | 941 | $1,790.10 | $755.82 | $795.60 | $3,341.52 |
| December 31, 2015 | 940 | $28.35 | $11.97 | | $ 40.32 |
| March 31, 2016 | 941 | $3,074.17 | $1,093.04 | $1,366.30 | $5,533.51 |
| June 30, 2016 | 941 | $2,265.52 | $654.48 | $1,006.90 | $3,926.90 |
| September 30, 2016 | 941 | $4,531.05 | $1,006.90 | $2,013.80 | $7,551.75 |
| December 31, 2016 | 941 | $11,007.79 | $1,712.32 | $4,892.35 | $17,612.46 |
| December 31, 2016 | 940 | $37.80 | $5.88 | | $ 43.68 |
| March 31, 2017 | 941 | $3,079.71 | $342.19 | $1,710.95 | $5,132.85 |
| | | | | Total | $76,633.84 |

24.     On October 05, 2018, Mission Advisors exhausted all administrative remedies, pursuant to I.R.C. § 7422, by filing Forms 843 with the IRS claiming refunds of penalties paid for each tax period at issue together with interest as allowed by law.  On April 05, 2019, pursuant to I.R.C. § 6532(a)(1), the refund claim was deemed denied due to the IRS' lack of response within 6 months from the date of receipt of the Forms 843.

## Jury Demand

25.     Plaintiff hereby demands a trial by jury for all issues triable by a jury.

## Prayer for Relief

WHEREFORE, it is prayed that:

26.     The Court order a jury trial on all matters so triable;

27.     Judgment be entered determining that the IRS improperly assessed and collected

I.R.C. § 6651(a)(1) failure to file penalties, I.R.C. § 6651(a)(2) failure to pay penalties, I.R.C. § 6656 failure to deposit penalties, and any penalty interest with respect to the Forms 941, filed for the tax period ending June 30, 2014, through March 31, 2017, and Forms 940, filed for the tax years ending December 31, 2014, through December 31, 2016, and that those amounts should be refunded to Mission Advisors;

28.     Judgment be entered determining that Mission Advisors is entitled to a refund of at least **$76,633.84** for all penalties and any penalty interest paid;

29.     Mission Advisors be awarded statutory interest for the periods following the payment of the foregoing amounts;

30.     The cost of this action, including the award of litigation costs incurred in this proceeding be made under 28 U.S.C. § 2412, I.R.C. § 7430, and/or any other applicable statute allowing for the recovery of costs, including attorney's fees; and

31.     This Court grants such other and further relief as it deems just and proper.

**[signature block on next page]**

Respectfully submitted,

/s/ Chad Muller III

CHARLES J. MULLER III
Attorney-in-Charge
Texas Bar No. 14649000
chad.muller@chamberlainlaw.com

JAIME VASQUEZ
Texas Bar No. 24066235
jaime.vasquez@chamberlainlaw.com

LEO UNZEITIG
Texas Bar No. 24098534
leo.unzeitig@chamberlainlaw.com

CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & AUGHTRY
112 East Pecan St. Suite 1450
San Antonio, TX 78205
(210) 253-8383 Telephone
(210) 253-8384 Facsimile

**ATTORNEYS FOR PLAINTIFF
MISSION ADVISORS LP**

3342803